UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BUFFALO LABORERS WELFARE FUND, et al.,

                                          Plaintiffs,

                                                                               Case # 16-CV-1036-FPG

v.

                                                                                 DECISION AND ORDER

SANDERS CONSTRUCTION, INC., et al.,

                                          Defendants.

In March 2016, Plaintiffs and Defendants—Sanders Construction, Inc. and Timothy Sanders—entered into a settlement agreement to structure a judgment Plaintiffs obtained against Sanders Construction in prior litigation. *See* ECF No. 1-1. In December 2016, Plaintiffs filed the present action, alleging that Defendants failed to pay Plaintiffs and thereby breached the settlement agreement. ECF No. 1. The Clerk of Court filed an entry of default against Timothy Sanders after he failed to appear, ECF No. 12, and Plaintiffs moved for default judgment against him. ECF No. 13. For the reasons that follow, Plaintiffs' motion is GRANTED.

Federal Rule of Civil Procedure 55 sets forth the procedure for obtaining a default judgment. First, the plaintiff must have secured an entry of default from the clerk, which requires a showing, "by affidavit or otherwise," that the defendant "has failed to plead or otherwise defend" itself in the action. Fed. R Civ. P. 55(a). Once the plaintiff has obtained an entry of default, and if his claim against the defendant is not "for a sum certain," the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(1)-(2).

The clerk's entry of default does not mean that default judgment is automatically warranted. *See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton*

1

*Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (per curiam). Instead, "the court may, on [the plaintiff's] motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Id.* If liability is established, the Court must then determine the proper amount of damages, which requires evidentiary support. *See id.* at 189 ("[A] party's default . . . is not considered an admission of damages." (quotation omitted)).

Plaintiffs move for default judgment on their claim that Sanders violated the settlement agreement and is therefore liable for the unpaid judgment, attorney's fees, and interest. *See* ECF No. 1 at 14-15. They request $257,189.30 in damages, which is the sum of the unpaid judgment ($247,729.29), attorney's fees ($6,757.50), and post-judgment interest ($2,702.51). ECF No. 14 at 6-7.

Based on the allegations in the complaint, Sanders's liability is established as a matter of law. "Under New York law, a breach of contract claim requires proof of (1) an agreement, (2) adequate performance by the plaintiff, (3) breach by the defendant, and (4) damages." *Queens Ballpark Co., LLC v. Vysk Comm'ns*, 226 F. Supp. 3d 254, 258 (S.D.N.Y. 2016). Here, Plaintiffs allege that Defendants agreed to make payments under the settlement agreement and that Defendants failed to make such payments. ECF No. 1 at 5-6, 14-15. Furthermore, Sanders personally guaranteed that, "in the event of [a] breach of the Agreement," he would pay for "the entire Unpaid Judgment plus all accrued post-judgment interest and the [] reasonable attorney's fees incurred in collecting the Unpaid Judgment." ECF No. 14-5 at 2. Therefore, liability as to Sanders is established.

The damages are also readily established. Plaintiffs aver that the outstanding balance on the judgment is $247,729.29, ECF No. 14 at 4, 6, that they have incurred attorney's fees in the

amount of $6,757.50, ECF No. 14-7, and that they are entitled to $2,702.51 for post-judgment interest. The Court has reviewed Plaintiffs' documentation and considers the amounts requested reasonable and well-supported. Plaintiffs are entitled to relief.

The Court must address one final matter. Plaintiffs' motion has been pending for over three years. In that time, Plaintiffs have taken no action against the other defendant, Sanders Construction, Inc. Although it appears that the corporation was involved in a bankruptcy proceeding for some time, *see* ECF No. 17 at 1, that proceeding ended in January 2019. Furthermore, while Plaintiffs have requested money damages for Sanders's alleged breach of the settlement agreement, they do not press their remaining claims against him for other equitable and monetary relief. *See* ECF No. 1 at 15-17. Given the lack of prosecution and the nature of the requested relief, the Court construes Plaintiffs' motion as one withdrawing and/or abandoning those claims not addressed in the motion for default judgment.

## CONCLUSION

For the reasons discussed above, Plaintiffs' motion for default judgment as to Timothy Sanders for breach of the settlement agreement (ECF No. 13) is GRANTED. Plaintiffs are entitled to judgment against Timothy Sanders in the amount of $257,189.30. All remaining claims against Defendants are DISMISSED WITHOUT PREJUDICE. The Clerk of Court shall enter judgment and close the case.

IT IS SO ORDERED.

Dated: August 5, 2020
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

3