UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BUFFALO LABORERS WELFARE FUND, et al.,

                         Plaintiffs,

                                                                      Case # 16-CV-1036-FPG

v.

                                                                       DECISION AND ORDER

TIMOTHY SANDERS, et al.,

                         Defendants.
_____

In March 2016, Plaintiffs and Defendants—Sanders Construction, Inc. and Timothy Sanders—entered into a settlement agreement to structure a judgment Plaintiffs obtained against Sanders Construction in prior litigation. *See* ECF No. 1-1. In December 2016, Plaintiffs filed the present action, alleging that Defendants failed to pay Plaintiffs and thereby breached the settlement agreement. ECF No. 1. The Clerk of Court filed an entry of default against Timothy Sanders after he failed to appear, ECF No. 12, and Plaintiffs moved for default judgment against him. ECF No. 13. In August 2020, this Court granted the motion and directed the entry of judgment against Sanders in the amount of $257,189.30. ECF No. 19, 21.

On November 18, 2020, Plaintiffs filed a motion (1) seeking to compel Sanders to "respond to [an] information subpoena" they served upon him, and (2) requiring Sanders to pay "damages incurred by Plaintiffs in attempting to effect compliance with the information subpoena and in making [the] motion." ECF No. 26 at 2. They rely on Federal Rule of Civil Procedure 69 as the vehicle for their requests.

Under Rule 69, a judgment creditor "may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is

located." Fed. R. Civ. P. 69(a)(2).  "Under New York law, a judgment creditor can use an information subpoena to compel disclosure of information relevant to a judgment debtor's satisfaction of the judgment." *Soundkillers LLC v. Young Money Entertainment, LLC*, No. 14-CV-7980, 2016 WL 4990257, at *3 (S.D.N.Y. Aug. 2, 2016) (citing N.Y. C.P.L.R. § 5223). "Service of an information subpoena may be by registered or certified mail, return receipt requested, and the recipient must respond within seven days." *Id.* (citing N.Y. C.P.L.R. § 5224(a)(3)).  "If the recipient does not comply, the judgment creditor cannot immediately move for contempt under New York law; instead, as it is a nonjudicial subpoena, the enforcement of an information subpoena is governed by N.Y. C.P.L.R § 2308(b), which provides for a motion to compel compliance."  *Id.* (internal quotation marks omitted).

Having reviewed the materials submitted in support of the motion, ECF No. 24, the Court agrees that Plaintiffs issued a proper information subpoena and served it in accordance with the requirements of New York law.

Accordingly, the Court directs Sanders to answer every question in the information subpoena, and mail his responses to Plaintiffs, by **February 22, 2021**.  The Court cautions Sanders that if he fails to comply with this order, the Court may impose sanctions and may hold him in contempt of court.  *See id.* at *3-4.  These sanctions can include "escalating fines for each day of continued non-compliance," compensatory damages and attorney's fees, and even arrest and imprisonment to compel compliance.  *Chevron Corp. v. Donziger*, 384 F. Supp. 3d 465, 504 (S.D.N.Y. 2019); *see Leadsinger, Inc. v. Cole*, No. 05-CV-5606, 2006 WL 2266312, at *21 (S.D.N.Y. Aug. 4, 2006).

Plaintiffs also request an award of $1,335, which consists of $50 in costs, $50 as a penalty, and $1,235 in attorney's fees.  *See* ECF No. 26 at 5.  Under C.P.L.R. § 2308(b)(1), if a person fails

to comply with an authorized information subpoena, a court may impose costs not exceeding fifty dollars, a penalty not exceeding fifty dollars, and "damages sustained by reason of the failure to comply." Such damages "include reasonable attorneys' fees incurred in making the motion to compel and enforcing the information subpoena." *Giuliano v. N.B. Marble Granite*, No. 11-MC-753, 2014 WL 2805100, at *4 (E.D.N.Y. June 20, 2014). The Court finds it appropriate to impose the $50 penalty, and—after reviewing the materials in support, ECF No. 25—concludes that the requested attorney's fees are reasonable and shall be assessed. However, Plaintiffs do not identify what costs they incurred, and therefore the Court declines to award $50 in costs.

## CONCLUSION

For the reasons discussed above, Plaintiffs' motion to compel (ECF No. 23) is GRANTED IN PART. The Court directs Sanders to answer every question in the information subpoena, and mail his responses to Plaintiffs, by **February 22, 2021**. **This is a court order and Sanders must comply**. The Court cautions Sanders that if he fails to comply with this order, the Court may hold him in contempt of court and may impose sanctions.

In addition, the Court awards Plaintiffs $1,285 in damages and penalties, pursuant to C.P.L.R. § 2308(b)(1). Sanders shall pay Plaintiffs that amount.

IT IS SO ORDERED.

Dated: January 22, 2021
        Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court